# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARY VALESTINE | : | |
| MILLER TURNER | : | |
| *Plaintiff,* | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 23-CV-4698 |
| | : | |
| DHL EXPRESS COURIERS, *et al.* | : | |
| *Defendants.* | : | |

## MEMORANDUM

**PAPPERT, J.**                                                                                       December 27, 2023

*Pro se* Plaintiff Mary Valestine Miller Turner filed a complaint (ECF No. 2) and "Motion to Request Reconsideration to File in the Form of Pauper" (ECF No. 5). For the following reasons, the Court will grant Turner's motion for reconsideration, permit her to proceed *in forma pauperis*, and dismiss this case pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

I[1]

Turner initiated this civil action by filing a Complaint and a motion to proceed *in forma pauperis* on November 27, 2023. (ECF Nos. 1, 2.) On December 5, 2023, the Court denied the *in forma pauperis* motion, finding that a review of the information provided by Turner revealed that she had sufficient ability to pay the required fees to commence this case. (ECF No. 5.) Turner now seeks reconsideration of the December 5, 2023 Order. (ECF Nos. 6-7.)

---

[1] The Court adopts the pagination supplied by the CM/ECF docketing system to the pleadings in this case.

Turner sues DHL Express Couriers ("DHL Express"), as well as its Chief Executive Officer, Ken Allen, and Trish Watts and Jessica Schoen, who are each identified as "DHL Research & Executive Response Team." (*See* Compl. at 1, 3.) Turner asserts diversity of citizenship as the basis for this Court's jurisdiction. (*Id.* at 3-4.) The events at issue are alleged to have occurred at the Sharon Hill, Pennsylvania office of DHL Express between November 22 and November 28, 2022. (*Id.* at 4.)

According to Turner, DHL Express "refus[ed] to conduct a thorough investigation into the opening of a parcel." (*Id.*) She claims that she was to receive a $2.4 million check from "Dr. Jason Fraser, Foreign Remittance Director, Amalgamated Bank (ABSA) South Africa," but that the parcel was opened while in transit and the check was removed. (*Id.*) Turner asserts that Dr. Fraser notified her that he sent the check via DHL Couriers and provided tracking information. (*Id.*) Turner left the Sharon Hill location of DHL Express with the package, but "before arriving at her car . . . noticed that one side of the parcel stated security checked and the other repacked." (*Id.*) She "immediately returned to the office and informed the clerk that the parcel had been opened." (*Id.*) As alleged, Turner opened the parcel and saw "that the envelope that housed the check was opened and the check removed." (*Id.*) Turner contends that she "immediately contacted Dr. Fraser and informed him that the parcel had been opened in transit and the insured draft removed." (*Id.*) She further avers that Michael Fairfax, a DHL Express clerk, instructed Turner to file a claim and provided her with the phone number of the claims office. (*Id.*)

Turner asserts that she immediately contacted DHL Express to file a claim, but the DHL representatives "refused to investigate stating that she was looking for a dress

instead of a monetary draft." (*Id.*) Turner also contends that she contacted Thomas Grieser of the Pennsylvania Office of the Attorney General to file a complaint, due to the lack of assistance from DHL Express. (*Id.*) Turner also wrote a letter to Defendant Ken Allen on August 1, 2023, informing him "of the matter of the stolen check." (*Id.* at 5.) According to Turner, DHL Express responded to her complaint that she "was not the sending party and did not pay DHL for the shipment, so [the] complaint had to come from Dr. Fraser." (*Id.* at 4.) Turner further claims that "the bank took the stand that it would take too long to wait for the conclusion of an investigation and began to rebill [her] for the receipt of a wire transfer that is still outstanding due to lack of money to finalize." (*Id.*)

Turner asserts that she has used her savings to "secure an inheritance that she received notice of." (*Id.*) She has "exhausted all resources to finalize the draft from ABSA Bank and [has] receipts to show that she paid over $15,000 for the receipt of the draft as required by the South African Government and Bank," which includes the fee for the DHL delivery. (*Id.* at 5.)

Turner claims that due to DHL Express's negligence and "refusal to perform an investigation to recover the draft," she has sustained physical and emotional injuries, as well as financial hardship. (*Id.*) Turner has been unable to make her rental payments and faces eviction. (*Id.*) She anticipated that the receipt of the check would enable her to secure permanent housing. (*Id.*) Turner seeks $2.4 million in compensation for the "missing/stolen" check, as well as damages. (*Id.*)

Turner attached several exhibits to her Complaint. The first is a "Probate Order/Bank Certificate" of the "High Court of Justice, Cape Town Division-Court 56,

Probate Department" which purports to direct "Management of Amalgamated Bank of South Africa (ABSA BANK PRETORIA" to credit $2.4 million to Turner as the benefactor of "Late Mr. Gordon Gilber" who died in 2010.  (*See id*. at 9.)  Also attached is a notice dated June 9, 2022, requesting Turner's banking details so that ABSA Bank could transfer Turner's inheritance, and a copy of the $2.4 million check, as well as a photograph of various certificates, including an "Anti-Terrorist Certificate" from "Scotland Yard Police Headquarters", and a "Cost of Transfer Tax Clearance Certificate."  (*See id*. at 15, 17, 18.)  Additionally, Turner included with the Complaint a November 17, 2022 letter from ABSA Banks that claims that the $2.4 million "foreign draft" had been issued to Turner, directing her to deposit the check in her "nominated bank account in America" and to notify the bank "to initiate formal clearance of the Cheque."  (*Id*. at 19.)  This letter further instructs Turner that "under no circumstances should you share or reveal details of your Foreign Draft to strangers."  (*Id*.)

      The exhibits also contain several pieces of correspondence.  First, Turner submitted a copy of the August 1, 2023 letter she sent to Defendant Allen regarding the lost check.  (*Id*. at 11-12.)  Therein, Turner notes, *inter alia*, that she was immediately billed by ABSA Bank for an additional $2,963 "plus additional fees for notarization and documents, to receive a replacement wire for the check."  (*Id*. at 11.)  Second, Turner included an August 14, 2023 letter to Jessica Schoen of DHL Express, in which Turner indicates, *inter alia*, that ABSA "feels it is a waste of their time to move further with your investigation" and that the bank has "taken the stand of rebilling" Turner "for an alternate mode of receipt of payment," as well as additional fees to be paid to the South African Reserve Bank.  (*Id*. at 13-14.)

Also attached to the Complaint is a copy of a September 20, 2023 email message from Defendant Schoen addressed to Thomas Grieser, regarding the claim submitted by Turner. (*Id.* at 10.) It explains that the shipment was delivered and signed for by Turner on November 28, 2022. (*Id.*) Ms. Schoen represented that she reviewed the shipment details and did not "come across any out of the ordinary transit scans," and noted that the account holder is the shipper who is located in South Africa. (*Id.*) Ms. Schoen wrote that Turner had been informed to contact the shipper directly to void the check and file a claim, which must be done in South Africa. (*Id.*) Schoen noted that DHL Express did not bill Turner for any fees. (*Id.*) The email message also addressed a second shipment that occurred in April 2023, of which DHL Express had no record corresponding to the tracking number provided to them. (*Id.*) Ms. Schoen indicated that the copy of the label appeared to be a fraudulent document not created by DHL Express and the individual who Turner worked with, "Mr. Hendrix Barrett, DHL Authority Delivery Director, authority1911@aol.com," did not appear to be an employee of DHL Express. (*Id.*)

II

The Court grants Turner leave to proceed *in forma pauperis* because it appears that she is incapable of paying the fees to commence this civil action. Accordingly, 28 U.S.C. § 1915(e)(2)(B)(i) applies. Section 1915(e)(2)(B)(i) requires the Court to dismiss the Complaint if it is frivolous. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The use of the term "frivolous" in § 1915 "embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id.* Section 1915 accords judges "the unusual power to

pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless . . . ." *Id.* at 327. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible[.]" *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). As Turner is proceeding *pro se*, the Court construes her allegations liberally. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir. 2021). The Court, however, is not required "to accept as true unsupported conclusions and unwarranted inferences." *Schuylkill Energy Res., Inc. v. Pennsylvania Power & Light Co.*, 113 F.3d 405, 417 (3d Cir. 1997).

### III

Turner's Complaint, even when liberally construed, is frivolous because it relies on a clearly baseless factual scenario. *See Robins v. Wetzel*, No. 22-1006, 2022 WL 4533850, at *1 (3d Cir. Sept. 28, 2022) ("A complaint is frivolous if it relies on . . . a clearly baseless factual scenario.") (citing *Mitchell v. Horn*, 318 F.3d 523, 530 (3d Cir. 2003)). It appears from the face of the Complaint, and the exhibits attached thereto, that Turner has been the victim of an inheritance scam. *See Kwanzaa v. Tell*, No. 21-1939, 2022 WL 16756334, at *3 (3d Cir. Nov. 8, 2022) (*per curiam*) ("When evaluating the possible dismissal of a complaint, it was appropriate for the District Court to consider 'the allegations contained in the complaint, exhibits attached to the complaint[,] and matters of public record.'" (quoting *Doe v. Univ. of the Sciences*, 961 F.3d 203, 208 (3d Cir. 2020)).[2] Consequently, the Complaint will be dismissed. *Accord*

---

[2] Turner's representations in her motion for reconsideration of the denial of *in forma pauperis* status provide additional support for the Court's determination. Turner claims that she is not able to pay the required fees to commence this case because DHL removed the check from the parcel, but also because she "complied with the request of Mr. Jerome Powell, Chairman, Board of Governors of the Federal Reserve Bank and Barrister Liu Zhenmin Attorney, US Department of the Treasury, to receive an outstanding payment in

*Harris v. Dimon*, No. 17-215, 2017 WL 6375968, at *2 (N.D. Miss. Dec. 13, 2017) (dismissing complaint as frivolous that alleged various defendants, including DHL, UPS, and FedEx, deliberately withheld funds that plaintiff was to receive from the "Africa Federal Escrow Court" after being named "beneficiary of their estates international willed"), *as amended*, No. 17-215, 2018 WL 1406612 (N.D. Miss. Mar. 19, 2018).

IV

For the foregoing reasons, the Court will dismiss Turner's Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).  Because Turner's Complaint presents a baseless factual scenario, her case is dismissed with prejudice.  Leave to amend will not be given as any attempt to amend would be futile.  *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002).  An appropriate Order follows, which dismisses this case.

**BY THE COURT:**

***/s/ Gerald J. Pappert***
**GERALD J. PAPPERT, J.**

---

the form of $10.5 Million USD that has been outstanding and due to her since 2008." (ECF No. 5 at 1-2.) Turner asserts that Chairman Powell directed her to send payment, so that the $10.5 million could be wired to her, but that she never received these funds. (*Id.* at 2.) She further claims that she "sent her rent money to finalize the FBI clearances as required by Barrister Zhenmin." (*Id.*) According to Turner, it has come to her attention that "money she anticipated receiving from [the Federal Reserve Board], and the missing check from DHL has been given to someone who has been fraudulently misrepresenting herself as her and she ha[s] not received one payment for what was due to her for which she has paid." (*Id.* at 3.) Turner submitted numerous documents in support of her motion that further suggest the efforts to entice her to send money were fraudulent. (*See* ECF Nos. 6, 7.)

7